UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02320-TWP-TAB |
| | ) |
| MICHAEL SMITH, RICHARD BROWN | ) |
| KIM HOBSON, TAGGART, NIKKI TAFOYA, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Jason Perry is an inmate currently confined at the New Castle Correctional Facility. He brings this complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated in a number of ways. The misjoined claims have been severed from this case, and the claims proceeding here are those against Michael Smith, Kim Hobson, Nikki Tafoya, Nurse Taggart, and Richard Brown. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion of Claims

In the claims that are proceeding in this case, Mr. Perry alleges that while he was in segregation at the Wabash Valley Correctional Facility, he was denied medication to treat his GERD condition. He submitted an informal grievance to Director of Nursing Kim Hobson and was told he had a prescription for Zantac. He also showed Nurse Taggart his healthcare request to show her that his Pepcid prescription was filled, but she did not care and told him to stay out of segregation. He submitted another grievance to Hobson who responded that his Zantac was switched to Pepcid and that he could purchase Zantac from commissary, but inmates in segregation are not allowed to purchase medications from commissary. He goes on to allege that this medication is often distributed very late at night or very early in the morning, so that he either misses a dose because he is sleeping, or he receives doses too close together in time. He also appealed to Warden Richard Brown, Michael Smith, and Nikki Tafoya.

Mr. Perry asserts that he was punished for seeking protective custody in segregation through the denial of his medications. He claims that these defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights and retaliated against him for seeking protective custody.

Based on the screening standard set forth above, Mr. Perry's claims **shall proceed** as claims that Nurse Hobson, Nurse Taggart, Michael Smith, Richard Brown, and Nikki Tafoya

exhibited deliberate indifference to his serious medical needs and retaliated against him in violation of the First Amendment.

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Conclusion and Service of Process

As discussed above, the claims proceeding in this case are deliberate indifference and retaliation claims against all defendants. This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 3, 2018,** in which to identify those claims.

The **clerk is ordered** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/1/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Nurse Hobson
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
PO Box 1111
Carlisle, IN 47838

Nurse Taggart
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
PO Box 1111
Carlisle, IN 47838

Electronic Service to the Following Employees of the Indiana Department of Correction:

Michael Smith, Richard Brown, and Nikki Tafoya


Courtesy Copy:

Douglass Bitner
KATZ KORIN CUNNINGHAM, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204